Oldham, J. The main question presented by the record in this case is, whether the covenants contained in the deed are real covenants and run with the land, and descend to the heir, or personal covenants and go to the administrator. We think the principles laid down in Logan vs. Moulder, 1 Ark. Rep. 313, are decisive upon the question. It is there said “ the old covenant of warranty usually inserted in ancient deeds, and the action upon them, have long since become obsolete in England, and it is believed they never had any legal existence under our form of government; they were real covenants running with the land, whereby the grantor of an estate in freehold warranted the title, and he and his heirs üpon voucher, or judgment rendered against him in a writ warfan-tía chartce, were bound to give other lands to the value of those from which there had been an eviction by a paramount title :■ the heir of the warrantor was liable only on the condition that he had other land of equal value cast upon him by descent. “ The introduction of personal covenants into modern deeds has long since superseded this mode of conveyance; and the usual covenants'in such case, are, First, that the grantor is lawfully seized: Second, that he has a good title to convey: Third j that the land is free from incumbrances: Fourth, that the grantee shall quietly enjoy: Fifth, that the grantor will warrant and defend the title against all lawful claims. “ The covenants of seizin and of right to convey are personal covenants, not running with the land, nor passing to the assignee, but are declared to be mere chases in action, not assignable at common law. The covenants of warranty and of quiet enjoyment are in the nature of a real covenant and run with the land, and descend to the heirs, and are made transferable to the assignee.” And the same doctrine is laid down in 4 Kent’s Com. 470, 1, 2, Chancellor Kent thus distinguishes between covenants that are in gross, and covenants that run with the land. “ The distinction between the covenants that are in gross and covenants that run with the land (and which are covenants real, annexed to, or connected with the estate, and beneficial to the owner of it and to' him only) would seem to rest principally upon the ground that to make a covenant run with the land there must be a subsisting privity of estate between the covenanting parties. A covenant to pay rent or to produce title deeds, or for renewal áre covenants of the latter character and they run with the land. All Covenants concerning title run with the land, with the exception of those that are broken before the land passes.” 4 Kent Com. 472. It is necessary for the creation and existence of a real cdvenánt that there should be a privity of estate between the grantor and grantee, and such covenants are usually contained in the deed of Conveyance itself. But here there is no privity" of estate, no conveyance has been executed, but the instrument is a personal covenant that the obligor is entitled to a Lovely donation Claim, and obligating herself to make title when the patent shall have issued, and having no right or authority at the time of its execution, there was an instantaneous breach upon the part of the obligor, upon which she was liable to be sued at any time. Logan vs. Moulder, ubi supra. Although the covenant is one concerning title it is broken before the land passes and therefore forms the exception to the rule, that all covenants concerning title run with the land; All the doctrine relating to covenants which run with the land, is wholly inapplicable to such a covenant as the one declared upom We are therefore of opinion that the instrument set forth in the declaration is a personal covenant, goes to the administrator, and that he alone is entitled to sue upon it. The remaining question is as to the sufficiency of the plea of accord and satisfaction interposed by the defendant below, and to which a demurrer was sustained. It is not necessary to inquire what will constitute a valid accord and satisfaction, available as a defence in such a case as ’ the present. This was a covenant to convey three hundred and twenty acres of land to David Thorny* son. The plea alleges that Thompson assigned and transferred one half of his interest in the writing obligatory to John Drennen* and that the plaintiff in error with several other persons executed a conveyance to Drennen for all the land. What interest or title those other persons joining in the conveyance had to the land is not shown. Had the obligation been executed to Thompson and Drennen jointly, and a valid and sufficient conveyance, without the assent of Thompson,, been executed to Drennen conveying to to him all the land, it would not have been a compliance with the condition of the bond. We are of opinion that there is no error in the judgment of the circuit court and the same is therefore affirmed.